IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| OPEN JUSTICE BALTIMORE, et al.<br><br>  Plaintiffs,<br>v.<br><br>BALTIMORE CITY LAW<br>DEPARTMENT, et al.<br><br>  Defendants. | Civil Action No.: 1:22-cv-01901-ELH |

**MEMORANDUM IN SUPPORT OF DEENDANTS' JOINT MOTION TO STRIKE
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
<u>OF DEFENDANTS' MOTIONS TO DISMISS</u>**

Defendants, Baltimore Police Department (hereinafter "BPD") and Police Commissioner Michael Harrison ("BPD Defendants"), and Baltimore City Law Department, James Shea, Stephen Salsbury, Lisa Walden, and Mayor and City Council of Baltimore ("City Defendants;" collectively "Defendants"), through undersigned counsel, hereby respectfully submit this Memorandum in Support of their Motion to Strike Plaintiffs' Memorandum of Points and Authorities in Opposition of Defendants' Motions to Dismiss ("Opposition Memorandum").

<u>**ARGUMENT**</u>

Plaintiffs' Counsel's filings in this matter have repeatedly shown indifference to this Court's Local Rules, while presenting arguments that lack the sufficient legal support necessary for their claims to survive a Rule 12(b)(6) motion. Plaintiffs also improperly include facts and/or arguments that were not included within the four corners of their Amended Complaint. As such, Plaintiffs' Opposition Memorandum should be stricken from the record and Plaintiffs should refile a response that conforms with the laws and rules of this Court.

1. **Plaintiffs Consistently Disregard the Federal and Local Rules in Their Filings.**

In filing their Amended Complaint, Plaintiffs failed to include a marked or "red-lined" copy of the amended pleading, identifying new and/or stricken material,[1] refiled 44 exhibits, all of which appear to have been included in the original Complaint,[2] and filed all 44 exhibits as a single file without the required index, disregarding at least 3 local court rules.  See ECF Nos. 14, 14-1, 3-3 to 3-55; *see also* Local Rules 105.5, 103.6(b), and 103.6(c).

> Rule 105.5 Appendix of Exhibits
> If any motion, memorandum, or brief is accompanied by more than five (5) exhibits, the exhibits shall be tabbed and indexed.
>
> Rule 103.6(b) Exhibits to Amended Pleadings Unless otherwise ordered by the Court, only newly added exhibits are to be attached to an amended pleading. However, if the amended pleading adds a new party, counsel shall serve all exhibits referred to in the amended pleading upon the new party
>
> Rule 103.6(c) Identification of Amendments
> Unless otherwise ordered by the Court, the party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type.

It appears that this standard practice for Plaintiffs, as Plaintiff's Memorandum of Points and Authorities in Opposition of Defendants' Motions to Dismiss ("Opposition Memorandum") runs afoul of at least 3 rules by failing to include an Opposition Motion or proposed order, significantly exceeding the required page limitations, and again filing the same 44 exhibits as a

---

[1] Defendants, in their Motion to Dismiss the Amended Complaint, noted Plaintiff's failure to provide a comparison copy when they filed their Amended Complaint as required. ECF No. 15-1 at 2. While the lack of a comparison copy required Defendants to spend unnecessary time parsing and comparing the Complaints to determine what changes were made, Defendants did not seek further relief as the failure did not seem onerous or part of a pattern of indifference at that time.

[2] As Plaintiffs Original Complaint, Amended Complaint, and Opposition Memorandum all failed to include indexes with their exhibits, and the exhibit files each exceed two hundred (200) pages, it is patently unreasonable to expect Defendants or the Court to parse each file, page by page or line by line to determine what is or is not new information.

single document without a required index.  See ECF Nos. 19, 19-1; see also Local Rules 105.1, 105.3, 105.5.

> Rule 105.1 Memoranda Required; Number of Copies; Proposed Order
> Any motion and opposition to a motion shall be filed with the Clerk and be accompanied by a memorandum setting forth the reasoning and authorities in support of it and a proposed order.
>
> Rule 105.3 Limitations on Length
> Unless otherwise ordered by the Court, memoranda in support of a motion or in opposition thereto and trial briefs shall not exceed thirty-five (35) pages, and reply memoranda shall not exceed twenty (20) pages, exclusive of (a) affidavits and exhibits, (b) tables of contents and citations, and (c) addenda containing statutes, rules, regulations, and similar material.

Had Plaintiff approached Defendants to request consent to file leave to file excess pages, and provide a reasonable basis for doing so, Counsel for Defendants would likely have freely given consent.  *See Bass v. Mayor and City Council of Baltimore, et al.*; Case No. 1:22-cv-02278-ELH, ECF No 43 (November 2, 2022)(Wherein the same undersigned counsel in the instant case [Mr. Corley] was contacted by Plaintiff in a different matter, several days prior to a filing deadline, to request excess pages to respond to Defendants' Motion to Dismiss and consent was given.)

Plaintiffs here failed to either contact Defendants to request consent for additional pages or to seek leave of this Court to file a memorandum exceeding the page limits as required by the Local Rules.  *See Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.*, No. CV ELH-16-1015, 2017 WL 3189446, at *1 (D. Md. July 27, 2017)("I note that the memorandum exceeds the 35-page limit imposed by Local Rule 105.3. Plaintiffs are reminded that they must seek the Court's permission if they wish to submit a filing that exceeds the page limitations set by the local rules."); *see also GlaxoSmithKline, LLC v. Brooks*, No. 8:22-CV-00364-PWG, 2022 WL 1443735, at *8 (D. Md. May 6, 2022)(Court struck Defendant's Motion to Dismiss, in part because she failed

to adhere to Local Rule 105.3 and "did not seek, and [the Court] did not grant, leave to exceed the 35-page limit.").

As Judge Roger Titus succinctly opined in another case involving the failure to comply with this Court's page limitation requirements:

> A court's rules are " 'the lawyer's compass and serve to help him steer through the narrows of pleading, pass the rocks of default, around the shoals of limitation, and safely into the harbor of judgment. It is a reckless sailor, indeed, who puts to sea without a compass, and it is a reckless lawyer who fails to familiarize himself with' the applicable procedural rules before filing and trying a case." *Whichard v. Specialty Restaurants Corp.,* 220 F.R.D. 439, 442 (D.Md.2004) (quoting *Colonial Carpets, Inc. v. Carpet Fair, Inc.,* 36 Md.App. 583, 584, 374 A.2d 419, 420–21 (1977)). Moreover, the "rules of procedure are not to be considered as mere guides or Heloise's helpful hints to the practice of law, but rather precise rubrics that are to be read and followed, admonitions go unheeded by some practitioners. When that occurs, we are left to wonder whether we are engaged in an endless struggle, just as waves beat upon the shore, fall back and then repeat over and over ad infinitum." *Id.* at 442.

*Gross v. SES Americom, Inc.*, 225 F.R.D. 169, 170, 2004 WL 2659946 (D. Md. 2004), *modified*, No. CIV.A. RWT 03-102, 2004 WL 3167997 (D. Md. Nov. 23, 2004). Judge Titus noted in *Gross*, which itself involved complex litigation with numerous parties arising from the sale of a telecommunications company, that "[m]atters of equal or greater complexity have been briefed within the reasonable limitations established by our local rules." *Id.*, at 171.

In the instant matter, Plaintiffs' Opposition Memorandum spends a significant amount of time simply rehashing the arguments and facts in their Amended Complaint and/or opining as to their perceptions of the inherent evils of Defendants' alleged conduct, rather than providing substantive legal arguments to rebut Defendants' Motion(s). *See* ECF No. 19 (Plaintiffs' Introduction and Overview sections alone stretch to page 24, before even reaching their Argument Heading). "It seems plain that if counsel focus on presenting the law and the facts succinctly and in an organized fashion, they should be able to comply with the page limit without difficulty." *Visual Min., Inc. v. Ziegler*, No. PWG-12-3227, 2014 WL 690905, at *6 (D. Md. Feb. 21, 2014).

### 2. Plaintiffs' Opposition Memorandum Attempts to Improperly Supplement Their Amended Complaint.

Plaintiffs' attempt to cure deficiencies in their Amended Complaint by adding specific facts and arguments, via their Opposition Memorandum, that were not included in their Amended Complaint. For example, Plaintiffs' Opposition Memorandum spends approximately one full page discussion specific factual numbers and percentages regarding records for the Special Investigation Response Team (SIRT) investigations. ECF No. 19, at 9-10. However, the Amended Complaint contains no such figures and simply states that Plaintiff requested SIRT records and was forced to pre-pay the production costs for them. ECF No. 14, ¶¶ 30, 40, 116.

Plaintiffs cannot supplement or amend their Complaint through an Opposition to a Motion to Dismiss. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 449 (4th Cir. 2011) ("statements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion"). It is well established that "a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Middleton v. Baltimore City Police Dep't*, No. CV ELH-20-3536, 2022 WL 268765, at *18 (D. Md. Jan. 28, 2022) (citing *Sager v. Hous. Comm'n of Anne Arundel County*, 855 F. Supp. 2d 524, 557 (D. Md. 2012)); *see also McDonald v. LG Elecs. USA, Inc.*, 219 F. Supp. 3d 533, 541 (D. Md. 2016) ("[I]n assessing the plausibility of plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court looks to plaintiff's Complaint - not to plaintiff's brief in opposition to Motion to Dismiss. And, it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citations and quotations omitted); *Arbitraje Casa de Cambio, S.A. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C .2003).

### 3. Plaintiffs Should Be Required to Refile an Appropriate and Concise Response that Complies with Federal and Local Rules.

Plaintiffs' lengthy and incoherent filings, which run afoul of not only federal and local procedural rules but also substantive legal principles, should be stricken by this Court. Plaintiffs' should be granted the opportunity to refile an appropriately concise response to Defendants' Motions to Dismiss, giving both the Defendants and the Court the opportunity to understand and respond to the appropriate legal arguments without having to unnecessarily parse hundreds of pages of documents while making assumptions as to which Defendant or Defendants Plaintiffs are directing each of their arguments. *See Visual Min.,* 2014 WL 690905, at *6; *see also Gambino v. Hershberger*, No. CV TDC-17-1701, 2021 WL 288483, at *2 (D. Md. Jan. 28, 2021) (Court struck Plaintiff's Opposition to Defendants' Motion to Dismiss for violating the 35-page limit for briefs and granting leave to file a conforming 35-page brief").

However, while Plaintiffs should be given the opportunity to concisely reframe the arguments they intended to make in their Opposition Memorandum, they should not be permitted to make new, additional, or modified arguments that were not contained in the offending filing. *See Gross*, 225 F.R.D. at 171. ("This directive is not an opportunity for the [Plaintiffs] to modify their arguments and the [Plaintiffs] are expressly forbidden from making any new, additional or modified arguments in their memoranda. The Court only requires the [Plaintiffs] to condense their memoranda into a more concise format that complies with the rules of this Court. Furthermore, the [Plaintiffs] are not to file any additional or amended exhibits.")

### CONCLUSION

Defendants request that this Court strike Plaintiffs' Opposition Memorandum and direct Plaintiff to either refile an Opposition to Defendants' Motions to Dismiss that complies with all Local and Federal Rules within fourteen (14) days or, if a revised filing is not possible in that time,

to coordinate with Defendants and propose a briefing schedule – for both the filing of Plaintiffs revised Opposition and any replies thereto by Defendants – and file that schedule with the Court for approval within fourteen (14) days.

Respectfully submitted,

December 9, 2022
Date

    /s/
James A. H. Corley (30016)
Chief Solicitor
Gregory T. Fox (21472)
Assistant Solicitor
Baltimore City Department of Law
Office of Legal Affairs
City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202
(410) 274-8614 (telephone)
(410) 396-2126 (facsimile)
Jim.Corley@baltmorepolice.org
Gregory.Fox@baltimorepolice.org
*Counsel for Defendants BPD and Commissioner Harrison*

    /s/
Hanna Marie C. Sheehan (19531)
Chief Solicitor
Assistant Solicitor
Baltimore City Department of Law
Litigation Division
City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202
(410) 396-4431 (telephone)
(410) 547-1025 (facsimile)
Hanna.Sheehan@baltimoecity.gov
*Counsel for Baltimore City Law Department, James Shea, Stephen Salsbury, Lisa Walden, and Mayor and City Council of Baltimore*