IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OPEN JUSTICE BALTIMORE, *et al.*

    *Plaintiffs*,

v.

BALTIMORE CITY LAW DEPARTMENT, *et al.*

    *Defendants*.

Civil Action No. ELH-22-1901

## MEMORANDUM

Plaintiffs Open Justice Baltimore, Alissa Figueroa, and Brandon Soderberg filed an Amended Complaint on October 24, 2022, against defendants Baltimore City Police Department and Police Commissioner Michael Harrison (collectively, the "BPD Defendants"), and the Baltimore City Law Department, James Shea, Stephen Salsbury, Lisa Walden, and the Mayor and City Council of Baltimore (collectively, the "City Defendants"). They allege violations of the First Amendment to the United States Constitution, the Maryland Declaration of Rights, the Maryland Public Information Act, and the Maryland Police Accountability Act.  ECF 14.  The Amended Complaint included a document that actually consists of 44 exhibits.  ECF 14-1.

On November 7, 2022, the BPD Defendants and the City Defendants each moved to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b).  ECF 15; ECF 16.  In response, on December 2, 2022, plaintiffs filed a "Memorandum of Points and Authorities In Opposition to Defendants' Motions To Dismiss."  ECF 19 (the "Opposition").  Plaintiffs appended the same document, consisting of 44 exhibits, that they had previously attached to their Amended Complaint.  ECF 19-1.

Then, on December 9, 2022, defendants filed a "Joint Motion To Strike Plaintiffs' Memorandum Of Points And Authorities In Opposition Of Defendants' Motions To Dismiss"

(ECF 20), supported by a memorandum of law (ECF 20-1) (collectively, the "Motion to Strike"), as well as a "Partial Consent Motion To Extend Time To Respond To Plaintiff's Memorandum Of Points And Authorities In Opposition Of Defendants' Motion to Dismiss." ECF 21 (the "Extension Motion"). The Extension Motion is predicated, in part, on the Motion to Strike.

This Order resolves both motions. No hearing is necessary. Local Rule 105.6.

## Discussion

In their Motion to Strike, defendants assert that plaintiffs' Opposition (ECF 19) "runs afoul of at least 3 rules by failing to include an Opposition Motion or proposed order, significantly exceeding the required page limitations, and again filing the same 44 exhibits as a single document [ECF 19-1] without a required index." ECF 20-1 at 2-3. In particular, defendants point to Local Rule 105.1 (Memoranda Required; Number of Copies; Proposed Order); Local Rule 105.3 (Limitations on Length); and Local Rule 105.5 (Appendix of Exhibits). Defendants also argue that plaintiff's Opposition attempts to "cure deficiencies in their Amended Complaint by adding specific facts and arguments . . . that were not included in their Amended Complaint." *Id*. at 5.

Plaintiffs oppose the Motion to Strike. ECF 23. In defense of the length of their Opposition, plaintiffs contend that "Defendants attempt many defenses, which requires much room to respond." *Id*. at 3. Nevertheless, plaintiffs state that they "will most certainly reduce the size of their memorandum if the Court sees fit[.]" *Id.* at 4. And, in response to defendants' contention regarding Local Rule 105.1, plaintiffs have attached the text of a proposed order concerning the motions to dismiss. ECF 23-2. Plaintiffs also maintain that they do not raise any new arguments or claims not included within the Amended Complaint. ECF 23 at 2. In addition, they "consent to whatever time extension Defendants request." *Id.* at 4.

Fed. R. Civ. P. 12(f) governs motions to strike.[1]  Rule 12(f) provides, in part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *See, e.g.*, *Haley Paint Co. v. E.I. du Pont de Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012).  In determining whether to grant a motion to strike, the court "enjoys wide discretion ... in order to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial."  *Id*. at 336.

"Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic."  *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted); *see also Renaissance Greeting Cards, Inc. v. Dollar Tree Stores*, 227 Fed. Appx. 239, 247 (4th Cir. 2007).  Therefore, "[w]hen reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'"  *Piontek v. Serv. Ctrs. Corp.*, PJM 10–1202, 2010 WL 4449419, at *8–9 (D. Md. Nov. 5, 2010) (citation omitted).

Rule 12(f) motions ordinarily "will be denied unless the matter under challenge has 'no possible relation to the controversy and may prejudice the other party.'"  *U.S. ex rel. Ackley v. Int'l Bus. Machines Corp.*, 110 F. Supp. 2d 395, 406 (D. Md. 2000) (quoting *Steuart Inv. Co. v. Bauer Dredging Constr. Co.*, 323 F. Supp. 907, 909 (D. Md. 1971)); *accord Williams v. Kettler Mgmt. Inc.*, CCB–12–1226, 2014 WL 509474 (D. Md. Feb. 5, 2014); *E.E.O.C. v. Spoa, LLC*, CCB–13–1615, 2014 WL 47337 (D. Md. Jan. 3, 2014).  In contrast, "'the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations, *i.e.*, those that improperly cast a derogatory light on someone.'"  *Asher & Simons, P.A. v. J2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 702 (D. Md. 2013) (citation omitted), *partial reconsideration on other grounds*, 977 F. Supp. 2d 544

---

[1] The parties have not provided a standard of review, nor do they cite to Rule 12(f).

(D. Md. 2013).  But, a motion to strike a defense "should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law."  *NCUA v. First Union Capital Mtks. Corp.*, 189 F.R.D. 158, 163 (D. Md. 1999); *see Federal Ins. Co. v. Edenbaum*, JKS–12–410, 2012 WL 2803739, at *2 (D. Md. July 9, 2012).

To the extent that defendants contend that plaintiffs have improperly supplemented their Amended Complaint, this is not a ground to strike the Opposition.  It is clear that "courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'"  *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448).  And, it is also well established that "'a complaint may not be amended by the briefs in opposition to a motion to dismiss.'"  *Middleton v. Baltimore City Policy Dep't*, ELH-20-3536, 2022 WL 268765, at *18 (D. Md. Jan. 28, 2022) (quoting *Sager v. Hous. Comm'n of Anne Arundel County*, 855 F. Supp. 2d 524, 557 (D. Md. 2012)); *see also McDonald v. LG Elecs. USA, Inc.*, 219 F. Supp. 3d 533, 541 (D. Md. 2016) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Thus, if there are any allegations in plaintiffs' Opposition that were not pleaded in the Amended Complaint, they will not be considered by the Court at the motion to dismiss stage.

A motion to strike is not necessary.  Defendants can advance their contention without the need to strike the entire submission.

However, as defendants correctly note, this Court's Local Rules set explicit page limits for briefs.  In particular, Rule 105.3 states:

> Unless otherwise ordered by the Court, memoranda in support of a motion or in opposition thereto and trial briefs shall not exceed thirty-five (35) pages and reply memoranda shall not exceed twenty (20) pages, exclusive of (a) affidavits and

4

exhibits, (b) tables of contents and citations, and (c) addenda containing statutes, rules, regulations, and similar material.

Plaintiffs' Opposition, exclusive of affidavits, exhibits, a table of contents, and citations, is 50 pages in length. Thus, it exceeds the Court's limit by fifteen pages. The Court recognizes that plaintiffs' Opposition is in response to two motions to dismiss. But, they contain overlapping arguments. And, neither the Local Rules, nor any order issued in this case, permitted plaintiffs unilaterally to exceed the thirty-five page limit allotted to memoranda in opposition.[2]

Additionally, Local Rule 105.5 provides that if any "brief is accompanied by more than five (5) exhibits, the exhibits shall be tabbed and indexed." Local Rule 105.5. Accordingly, plaintiffs are required to provide an index for ECF 19-1.

Therefore, I shall grant the Motion to Strike.

An Order follows, consistent with this Memorandum.

Date: December 16, 2022                              /s/
                                               Ellen L. Hollander
                                               United States District Judge

---

[2] Nothing prevented plaintiffs from requesting permission to exceed the page limit. But they did not do so.